UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH GAMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 24-cv-516 (APM) |
| ) | |
| LLOYD J. AUSTIN, III. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**I.**

Plaintiff Kenneth Gamon brings a two-count complaint under the Rehabilitation Act against Secretary of Defense Lloyd Austin, in his official capacity. Am. Compl., ECF No. 12. Defendant moves to dismiss based on improper venue and for failure to state a claim. Def.'s Mot. to Dismiss, ECF No. 15 [hereinafter Def.'s Mot.]. Although the court agrees that this District is not the proper venue, it finds that Plaintiff has stated plausible claims, and it is therefore in the interest of justice to transfer this matter to the Eastern District of Virginia, where venue is proper.

**II.**

The parties agree that venue in this District is proper under the Rehabilitation Act, 42 U.S.C. § 2000e-5(f)(3), only if the Secretary of Defense's "principal office" is in the District of Columbia. *Id.* at 7–8; Pl.'s Opp'n to Def.'s Mot., ECF No. 16 [hereinafter Pl.'s Opp'n], at 4. As evidence that it is, Plaintiff points to two web pages—one from the Department of Defense and the other from usa.gov—showing the Secretary's *mailing address* in the District of Columbia. *See* Pl.' Opp'n, Exs. 2–3, ECF Nos. 16-2–16-3. But the Secretary's mailing address is not his

"principal office." That is located in Arlington, Virginia, at the Pentagon. *See Jones v. Hagel*, 956 F. Supp. 2d 284, 288 n.3 (D.D.C. 2013) (observing that "the DOD's principal office (the Pentagon) is located in Arlington, Virginia, for venue purposes despite its Washington, D.C., mailing address, which means that venue under the fourth statutory basis is proper in the Eastern District of Virginia, not D.C.") (Jackson, J.) (citation omitted). Plaintiff therefore has failed to show that the Secretary's "principal office" is in this District.

### III.

Under 28 U.S.C. § 1406(a), the court can, "if it be in the interest of justice, transfer [a case brought in the wrong venue] to any district or division in which it could have been brought." Defendant argues that the "interest of justice" does not warrant transfer because Plaintiff has not stated cognizable claims. Def.'s Mot. at 8.

### A.

Defendant first contends that Plaintiff's discrimination claim under the Rehabilitation Act (Count One) fails because he has not pleaded an adverse employment action. *Id.* at 9–10. Plaintiff is a school psychologist at a military base in Okinawa, Japan. Am. Compl. ¶¶ 16–17. He suffers from, among other things, alcoholism. *Id.* ¶ 21. According to Plaintiff, on February 4, 2021, his supervisor, "motivated by her knowledge of Plaintiff's disability of alcoholism," ordered him to take a breathalyzer "as a prerequisite to returning to work." *Id.* ¶¶ 37–38. The breathalyzer resulted in a 0.00% blood alcohol content, *id.* ¶ 41, and presumably Plaintiff was permitted back to work. According to Defendant, these facts fall short of stating a discrimination claim because Plaintiff fails to allege that he "experienced a change to the terms, conditions, or privileges of his employment." Def.'s Mot. at 11.

The court disagrees. Conditioning Plaintiff's return to work upon the taking of a breathalyzer test constituted a change to a term or condition of employment. If he refused to take the test, presumably he would not be permitted back to work. That is enough to make out a claim. *See Dixon v. Blinken*, No. 22-cv-2357 (RDM), 2024 WL 4144105 at *2–*3 (Sept. 11, 2024) (holding that one-time denial of rescheduling of remote workday based on sex was sufficient to state a Title VII claim).

Defendant also argues that "efforts to assist or improve the performance or conduct of employees" is not an adverse action, and nor is the "initiation of an investigation into an employee's misconduct." Def.'s Mot. at 11. Defendant notes, for example, Plaintiff's supervisor claimed to smell alcohol on him as a reason for ordering the test. *Id.* at 12. But the court must draw all plausible inference in Plaintiff's favor. Applying that standard, Plaintiff has successfully pleaded that his supervisor's purpose in ordering the breathalyzer was not a legitimate workplace inquiry, but to discriminate against him because of his alcoholism. Am. Compl. ¶¶ 33, 35 (alleging that Plaintiff's supervisor referenced his "history involving alcohol abuse" when ordering him to take the breathalyzer, and claimed that she smelled alcohol on him, even though both he and his supervisor were wearing protective masks and six feet apart due to COVID social distancing).

Defendant also contends that Plaintiff "fails to show that he was treated differently than any other employee." Def.'s Mot. at 11. But at the pleadings stage, a discrimination plaintiff is not required to set forth a specific theory of pretext. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (requiring the pleading provide only "fair notice of the basis for [the plaintiff's] [discrimination] claims"). So, the fact that Plaintiff has not pleaded specific comparators does not defeat his claim.

**B.**

Defendant also maintains that Plaintiff has failed to state a claim under the Rehabilitation Act based on the wrongful disclosure of private medical information. Def.'s Mot. at 13. He initially argues that Plaintiff "fails to identify the privacy right he refers to that is protected by the Rehab[ilitation] Act." *Id.* Courts have recognized, however, that the Rehabilitation Act contains confidentiality provisions that, if violated, give rise to a cause of action. *See Koch v. Walter*, 935 F. Supp. 2d 164, 176 (D.D.C. 2013) (citing 42 U.S.C. § 12112(d) and citing cases).

Next, Defendant argues that his supervisor's alleged statement in the presence of others about Plaintiff's "history involving alcohol abuse" "cannot be interpreted so broadly as a disclosure of Plaintiff's medical treatment, recovery, or Alcoholics Anonymous support." Def.'s Mot. at 13 (citing Am. Comp. ¶¶ 33, 36). He also contends that the Rehabilitation Act does not make actionable voluntary disclosures initiated by the employee. *Id.*

But these arguments overlook the complaint's well-pleaded allegations. Plaintiff asserts that the two employees who were present when Plaintiff's supervisor referenced his alcohol abuse only learned of his history because of his supervisor's disclosure. Am. Compl. ¶¶ 47–50. Although Plaintiff did voluntarily divulge information about his treatment history, he did so only *after* his supervisor outed his personal history in front of colleagues. *Id.* ¶ 36. In such circumstances, Plaintiff's response plausibly was not voluntary.

**IV.**

For the foregoing reasons, Defendant's Motion to Dismiss is denied. The court, however, agrees that this District is not the proper venue for Plaintiff's claims. Accordingly, in the interest

of justice, this matter is transferred to the Eastern District of Virginia.  Defendant shall respond to the Amended Compliant within 21 days after docketing in the transferee court.

/s/ Amit P. Mehta

Dated: November 14, 2024           Amit P. Mehta
                                  United States District Court Judge